## No. 8196.

### STATE OF LOUISIANA EX REL. DANIEL LEMLE VS. P. W. CHASE, TAX-COLLECTOR, ET AL.

No municipal Corporation in the State can impose a greater License for the sale of alcoholic or spirituous liquors than is imposed by the General Assembly, on the ground that it is a police regulation. Article 170 of the Constitution in no manner controls, or even relates to, Article 206.

APPEAL from the Ninth Judicial District Court, parish of Concordia. *Hough, J.*

*Boatner & Mason* for the Relator, Appellee:

First—The parish of Concordia, being a political corporation, it can assess no greater license tax than that imposed by the General Assembly for State purposes. Art. 206, Constitution 1879.

Second—The power of regulating the sale of spiritous liquors, under Article 170 of the Constitution, does not extend to the police power the right to raise a revenue therefrom, but relates to the *regulation* thereof, and is restricted as to amount of license imposed by Art. 206 of the Constitution of 1879 and Act No. 119, Sec. 6, of the Legislature of 1880.

*Kennard, Howe & Prentiss* and *H. R. Steele,* District Attorney, for Defendants and Appellants :

First—The importance of power of parishes to require license fees from keepers of grog-shops for purposes of regulation as well as revenue. Cooley on Taxation, p. 403; Proverbs of Solomon, 23, 29-35; Germania vs. State of Maryland, 1.

State of Louisiana ex rel. Lemle vs. Chase, Tax-Collector, et al.

Second—This power exercised in Louisiana for many years prior to 1879. R. S. 1870, sections 910, 2743, 2778; Jones vs. Grady, 25 An. 586; State vs. Kuhn, 24 Id. 474.

Third—The articles 170 and 206 of the Constitution of 1879, taken together, mean that for mere license fees imposed for revenue only, on occupations not fairly the subject of police regulation, the parish rate must not exceed the rate fixed for State purposes in the revenue act for the current year; but that article 206 does not forbid a larger regulative license fee for the particular matter of the sale of liquor, a sale specially subjected by article 170 to police regulation.

Fourth—The State license on grog-shops at present is for revenue only, as shown by the whole tenor of Act 119 of 1880; and it should not be held to limit the parishes in their policy of regulation with reference to such a subject.

Fifth—In no event should plaintiff have a mandamus against defendants in this cause. There is no plain and merely ministerial duty which defendants have refused to perform. The defendant, the tax-collector, cannot issue a license on the terms offered by plaintiff, for there is no ordinance to authorize such issuance. The Police Jury cannot be compelled by mandamus to pass such an ordinance, since that would be to compel the exercise of legislative discretion in a matter of public policy. 29 An. 146; 7 M. 4; 9 An. 513; 25 An. 586; 24 An. 474.

The opinion of the Court was delivered by

LEVY, J.   Daniel Lemle, the relator, is a retail merchant and grocer in the parish of Concordia, whose gross sales do not exceed $15,000, who has taken out State and parish licenses from the defendant, tax collector of said parish; for each license paying ten dollars. He applied to and demanded from said collector State and parish licenses to sell liquor in less quantities than a pint, and tendered in payment thereof fifty dollars for each of said licenses; the collector refused to issue to him the licenses demanded. The collector based his refusal to issue the licenses as demanded upon the grounds that the Police Jury of said parish had levied a parish license tax on the sale of liquor in the quantities mentioned at one hundred and twenty-five dollars. Relator thereupon applied for a mandamus to compel the collector to issue said licenses and to receive in payment thereof the sum of fifty dollars, as tendered, for each. After trial the mandamus was made peremptory, and defendants have appealed.

Appellants contend that Art. 206 of the Constitution and Act No. 119 of the session of the Legislature of 1880 do not restrict the Police Jury to the amount of license tax fixed by the State Legislature, but that under article 170 of the Constitution, it has the right, for the purposes of police regulation, to fix a higher license fee; that for mere license fees, imposed for *revenue* only, on trades and occupations, not fairly the subject of police regulation, the parish rate must not exceed that fixed for *State purposes* in the State *revenue* act for the current year, but that article 206 does not forbid a larger regulative license fee for the particular matter of the sale of alcoholic or spirituous liquors, which sale is specially subjected by article 170 to police regulation, and

may therefore be regulated by the parishes by a higher rate of license fee as well as in other ways. Article 206 contains the following clause: " No political corporation shall impose a greater license than is imposed by the General Assembly for State purposes."

Art. 170 reads: " The regulation of the sale of alcoholic or spirituous liquors is declared a police regulation, and the General Assembly may enact laws regulating their sale and use."

We cannot adopt the reasoning and conclusions of the learned and ingenious counsel of the respondents so fervently and religiously advanced in their interesting and eloquent brief. The limitation imposed by the Constitution upon the imposition of license by municipal corporations in the State is plain, express and unambiguous. The amount of license is fixed by legislative enactment and cannot legally be exceeded, and such excess cannot be collected or enforced by municipal authorities. The mode and manner in which the sale of alcoholic or spirituous liquors may be prohibited within the several parishes, are pointed out by law, and, on compliance with its terms, the voters may forbid such sale entirely within their parochial limits.

We construe Art. 170 as not controlling or even relating to the subject matter of licensing the sale of these liquors, but as relating to such police regulations as may tend to preserve order, to regulate the observance of sanitary requirements, to fix perhaps proper hours within which sales may be made, and all other matters falling under the head of police regulations. We think the corporation of the parish of Concordia cannot impose a license fee higher than that imposed by the State on similar " trades, professions, business, or calling."

The judgment appealed from is affirmed with costs.